IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DENNIS DEAN            )
                       )
       v.              )    NO. 3:08-0616
                       )
ROBERT J. NOTESTINE, III )

TO:    Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By Order entered July 1, 2008 (Docket Entry No. 2), the Court referred the above captioned action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters and for proposed findings of fact and recommendations for disposition of any dispositive motions.

Presently pending is Defendant's Motion (Docket Entry No. 8) to Dismiss, to which the plaintiff has not filed a response in opposition.[1] For the reasons set out below, the Court recommends that the motion be granted and that this action be dismissed.

## I. BACKGROUND

On June 19, 2008, Plaintiff filed an eight page pro se complaint against Robert J. Notestine, III. The heading of the complaint states:

    Libel of Review
    - common law counterclaim in admiralty -
    - notice lis pendens -
    - verified statement of right -
    re: God-given unalienable rights in the original estate - Article III; Constitution

---

[1] By Order entered July 14, 2008 (Docket Entry No. 9), the Court notified Plaintiff of the motion and the need to respond. However, the copy of the Order sent to Plaintiff was returned to the Court by Plaintiff with the statement "REFUSED FOR CAUSE WITHOUT DISHONOR TO ME" stamped in red ink on the front of the Order. See Docket Entry No. 11. The copy of the Order of referral sent to Plaintiff was returned to the Court in the same manner. See Docket Entry No. 4.

See Complaint, at 1. Plaintiff objects in some form to what he describes as "an unlawful detainer suit" "indicating that [Plaintiff and his wife] are illegally in possession of the real property located the common property address of 520 Plantation Court, Nashville, Davidson County, Tennessee." See Complaint, at 3. He alleges that the "detainer suit" was "presented" to him by Defendant. Id. Defendant is alleged to have been:

> acting as attorney for 'City METRO officer - Esquire/Arbiter' city of Washington, District of Columbia is agent of a foreign principal, a 'foreign state' defined at Title 28 of the United States Codes § 1603 and Title 22 U.S.C. § 611 the Division of enforcement for the Department of revenue (for example C.R.S. § 24-1-117 [Colorado]) under principal State Governor in convention with METRO organization a.k.a. Public Administrative Services Headquarters (PASHQ - signed for example by Edwin C. Johnson by John T. Bartlett; The Public Papers and Addresses of Franklin D. Roosevelt, The Year of Crisis 1933 Random House p. 21

See Complaint, at 2 (underlining and bolding deleted). Although the complaint consists of seven pages of legal argument, it contains few factual allegations. Furthermore, the exact purpose of Plaintiff's complaint and his cause of action against Defendant is unclear.[2]

Defendant seeks dismissal of the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that Plaintiff has not stated a cognizable cause of action. Defendant further argues that the rambling complaint fails to comply with the "short and plain statement" requirement of Rule 8 of the Federal Rules of Civil Procedure.

## II. CONCLUSIONS

Defendant's motion to dismiss should be granted. Pro se complaints are to be construed liberally. Haines v. Kerner, 404 U.S. 509 (1972). Even with a liberal construction, however, the complaint fails to contain allegations which provide a basis for an arguable legal claim. Indeed, the

---

[2] Plaintiff did not identify the legal proceeding that he described as the "detainer suit" or the court in which it was filed, and Plaintiff did not attach to his complaint a copy of any orders from the Court in that proceeding. However, Plaintiff made a filing entitled "JUDICIAL NOTICE; IN THE NATURE OF WRIT OF ERROR CORAM NOBIS & A DEMAND FOR DISMISSAL OR STATE THE PROPER JURISDICTION," styled in the General Sessions Court of Davidson County. See Docket Entry No. 3. In addition, Defendant refers in his motion to a June 25, 2008, ruling by the Davidson County General Sessions Court "concerning the unlawful detainer." See Docket Entry No. 8, at 2.

2

Court cannot even decipher with any certainty what Plaintiff asserts as a federal cause of action, and the complaint is utterly devoid of anything which complies with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that Plaintiff set out a short and plain statement of a claim showing that he is entitled to relief. As such, the complaint warrants dismissal for failure to state a claim. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984).

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's refusal to accept copies of court mailings sent to him in this action and failure to respond to the motion to dismiss indicates contumacious conduct.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Defendant's Motion to Dismiss (Docket Entry No. 8) be GRANTED and that this action be DISMISSED WITH PREJUDICE under Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge

3